# IN THE COURT OF APPEALS OF IOWA

No. 18-0465
Filed September 12, 2018

**IN THE INTEREST OF B.A.,**
**Minor Child,**

**K.F., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Charles E. Isaacson of Charles Isaacson Law, PC, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

ConGarry D. Williams of Juvenile Public Defender's Office, Des Moines, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his child, born in 2016. He contends the State failed to prove the grounds for termination cited by the district court.

The court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2017). We may affirm if we find clear and convincing evidence to support either of the grounds. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we will focus on Iowa Code section 232.116(1)(g), which requires proof (1) the child was adjudicated in need of assistance; (2) the district court terminated parental rights to another child "who is a member of the same family"; (3) "[t]here is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation"; and (4) "[t]here is clear and convincing evidence that an additional period of rehabilitation would not correct the situation."

The parents of the child had a long history of involvement with the department of human services. The mother was addicted to heroin and other drugs. The father's relationship with the child's mother was marked by mutual domestic abuse. The parents' rights to three other children were terminated. *See In re K.F.*, No. 17-0409, 2017 WL 2875883, at *4 (Iowa Ct. App. July 6, 2017).

The child who is the subject of these proceedings was born with drugs in her system. The district court ordered her removal from the parents' care in December 2016. Following her removal, the father never cared for her in an unsupervised setting. The child was adjudicated in need of assistance.

Four months after the removal, the district court determined the parents were making progress toward reunification. The court dismissed a termination petition filed by the State and granted the parents a six-month extension to facilitate reunification. Among the obligations the court placed on the father was a duty to "[b]e open and honest regarding his relationship and contacts with [the mother,] including reporting to DHS the time, place, duration and nature of any contacts with her."

Six months passed without progress on this front. At a permanency review hearing, the father acknowledged he had an ongoing relationship with the child's mother. In a follow-up order, the district court found, "until his testimony . . . he did not notify DHS or [the service provider] . . . that he had been seeing [the mother], even in spite of their directly asking him if he had been having contact with her." The court stated, "Time and time again, [the father] has shown that he cannot be honest about his continuing relationship with [the mother,] and therefore cannot be trusted to be protective of his child." The court modified the primary permanency goal for the child from reunification with her parents to termination of parental rights.

After the State moved forward with termination, the father made progress in certain areas. He learned therapeutic skills to manage his anger, obtained housing that would accommodate his daughter, held a job, and participated in twice-weekly supervised visitation. At the termination hearing in February 2018, he testified the last time he saw the mother was in December 2017, when she threw a rock through his window. He testified, he "did not want her in [his] life," and, through therapy, was "learning more about healthy relationships and putting up boundaries."

Despite this new-found commitment to severing his ties with the mother, the father acknowledged he failed to request a no-contact order after the rock-throwing incident. He also acknowledged police who were called to the scene encouraged him to pursue this remedy. The father's failure to take proactive steps to protect the child from the mother is consistent with his past practice. *See K.F.*, 2017 WL 2875883, at *3 (noting father's ongoing relationship with mother during prior termination proceeding and stating "[h]e previously informed the court he had no contact with the mother, and yet, they conceived a child together during that time"). After refusing to disclose his ongoing relationship with the mother in the prior termination action, he squandered the six-month extension afforded by the court in this action. Under these circumstances, we are not convinced an additional period of rehabilitation was warranted.

We affirm the termination of the father's parental rights to his child.

**AFFIRMED.**